**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**In re:**

**DATA POWERWORKS, LLC,**

**Plaintiff,**

**v.**

**Civil Action 2:26-mc-25**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**SCHNEIDER ELECTRIC SE, *et al.*,**

**Defendants.**

## OPINION AND ORDER

This matter is before the Court on non-party Eric Broxterman's Motion to Quash Subpoena and for Protective Order. ("Motion to Quash," ECF No. 1.) For the following reasons, the Motion to Quash is **TRANSFERRED** to the Eastern District of Texas pursuant to Federal Rule of Civil Procedure 45(f).

## I. BACKGROUND

The subpoena in question arises out of underlying litigation pending in the Eastern District of Texas, captioned *Data PowerWorks, LLC v. Schneider Electric SE*, No. 2:25-CV-00300-JRG (the "Texas litigation"). The Texas litigation was commenced by Data PowerWorks, LLC ("DPW"), alleging patent infringement by Schneider Electric SE and related entities ("Schneider"). In related litigation instituted by Schneider in the Southern District of New York, Schneider sues Vertiv Corporation ("Vertiv"), alleging that Vertiv and DWP conspired to transfer Vertiv's patents to DWP. (*See Schneider Electric USA, Inc. v. Vertiv Grp. Corp.*, No.

1:26-cv05756 (the "New York litigation")). In the Texas litigation, Schneider subpoenaed non-party Eric Broxterman, Vertiv's Deputy General Counsel, Global IP, after DPW's CEO testified at deposition to unspecified communications with Broxterman. (*See* Subpoena, ECF No. 1-3; Marsh Decl. ¶ 3, ECF No. 1-2.)

Broxterman moved to quash Schneider's subpoena in this Court on July 19, 2026. (ECF No. 1.) Broxterman asserts that Schneider cannot satisfy the *Shelton* rule, setting out the permissible circumstances under which opposing counsel may be deposed. (*Id.*) Schneider disputes that the *Shelton* rule applies to its subpoena. (Mem. in Opp'n, ECF No. 7.)

## II. STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to quash a subpoena that subjects a nonparty to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted). When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant. *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). Courts will balance the need for the discovery against the burden imposed on the subpoena recipient, and that person's status as a nonparty is a factor weighing against disclosure. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See*, *e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, *6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

## III. ANALYSIS

The undersigned finds that transferring Motion to Quash to the Eastern District of Texas pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, whether any burden on Mr. Broxterman is undue, and whether Mr. Broxterman's deposition is barred by *Shelton*. The United States District Court for the Eastern District of Texas has presided over the Texas litigation for over a year and has presided over

several prior discovery disputes. (*See* Texas Litigation, ECF Nos. 57, 60, 74, 77, 108). Schneider also instituted its own miscellaneous action in the Eastern District of Texas to enforce a subpoena against Vertiv, Mr. Broxterman's employer, which is presided over by the same judge as the Texas litigation. (*See Schneider Electric SE, et al., v. Vertiv Corporation*, 2:26-mc-00005-JRG). Judicial economy will be best served by having all of these discovery disputes resolved by the same Court. *See also A+ Fin. Ctr.*, 2013 WL 6388539 at*3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Further, fact discovery has now closed in the Texas litigation and a jury trial is set to begin on December 7, 2026. (*See* Texas Litigation, ECF Nos. 24, 45.) In such circumstances, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018). Such is the case here. *See*, *e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (E.D. Ky. Jan. 12, 2015) (transferring under Rule 45(f), expressing "concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Moreover, the burden on nonparty Mr. Broxterman of having this dispute adjudicated by the Eastern District of Texas will be slight. Rule 45(f) allows counsel for Mr. Broxterman to file papers and appear on the Motion to Quash as officer of the Eastern District of Texas. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing). Thus,

the undersigned finds any burden of transfer on Mr. Broxterman to be outweighed by the exceptional circumstances outlined *supra*.

## IV. DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Mr. Broxterman's Motion to Quash (ECF No. 1) to the Eastern District of Texas, *Data PowerWorks, LLC v. Schneider Electric SE*, No. 2:25-CV-00300-JRG, and close this miscellaneous action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE